Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

troutman.com



**Harry Tiwari**
D 212.912.2757
F 212.812.8392
harry.tiwari@troutman.com

April 27, 2026

**BY EFILE**

Hon. Eric R. Komitee
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Eustache v. Navy Federal Credit Union*, Case No. 2:25-cv-01351-EK-LGD
       <u>Pre-Motion Conference Request</u>

Dear Judge Komitee:

We represent defendant Navy Federal Credit Union ("Navy Federal"). Pursuant to Rule III.B of Your Honor's Individual Rules and Practices, Navy Federal respectfully requests a pre-motion conference regarding its anticipated motion to dismiss plaintiff's Amended Complaint (ECF No. 21) under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

<u>Procedural Background</u>

Plaintiff commenced this action in New York Supreme Court, Suffolk County, asserting state-law claims arising from a 2023 automobile loan that Navy Federal extended in the amount of $39,000 for the purchase of a 2016 GMC Sierra 1500. The original complaint alleged various state-law theories, including "bank mishandling funds transfer," "consumer loan broker acting improperly," breach of contract, "administrative negligence," specific performance, and punitive damages, all premised on the allegation that Navy Federal disbursed loan proceeds to a fraudulent dealership.

Navy Federal removed the case to this Court and moved to dismiss under Rules 12(b)(6) and 12(b)(7). On March 13, 2026, the Court granted Navy Federal's motion in full. *See* Memorandum & Order, ECF No. 18 (the "Order"). The Court held, among other things, that (i) the debtor–creditor relationship between plaintiff and Navy Federal did not give rise to any fiduciary duty; (ii) plaintiff failed to plead the essential terms of, or any breach of, a contract; and (iii) New York law does not recognize plaintiff's negligence theory in light of the parties' contractual relationship. The Court also dismissed plaintiff's claims for "specific performance" and "punitive damages" as improper standalone causes of action. Order at 3–4, 5–13. All claims were dismissed without prejudice, and plaintiff was granted 30 days to file "an amended complaint that addresses the shortcomings described above." *Id.* at 13–14.



Plaintiff, now proceeding *pro se*, thereafter filed an Amended Complaint. The Amended Complaint abandons the prior state-law theories entirely and instead asserts a new claim under the Fair Credit Reporting Act ("FCRA"), alleging that Navy Federal furnished inaccurate credit information, failed to conduct a reasonable investigation after notice, and continued reporting "false information" regarding the same auto loan. *See* Am. Compl. ¶¶ 1–4, 8–16.

## Anticipated Grounds for the Motion to Dismiss

### I. Plaintiff's new FCRA claim exceeds the scope of the Court's limited leave to amend.

The Court dismissed plaintiff's state-law causes of action with leave to file "an amended complaint that addresses the shortcomings described above." Order at 13–14. The "shortcomings described above" concerned plaintiff's failure to allege, for example, any fiduciary relationship, specific contractual terms and breaches, or an independent tort duty recognized under New York law. *Id.* at 5–13. The Court did not invite plaintiff to introduce an entirely new federal statutory claim, nor did plaintiff seek leave to do so.

Notwithstanding this limited leave, the Amended Complaint drops all prior state-law claims and instead asserts only a new FCRA theory. *See* Am. Compl. ¶¶ 3, 12–16. Courts in this Circuit have repeatedly held that when a court grants leave to amend for a limited purpose, a plaintiff may not use that opportunity to add new claims or theories that exceed the scope of the court's order without obtaining further leave. *See, e.g.*, *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43–44 (2d Cir. 2012); *McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 30–31 (2d Cir. 2019); *Edelman v. United States Gov't*, 2022 WL 2390987, at *8 (E.D.N.Y. July 1, 2022).

Navy Federal intends to argue that plaintiff's new FCRA claim should be dismissed or stricken as beyond the scope of the Court's limited leave to amend.

### II. The Amended Complaint fails to state a claim under the FCRA.

Even if the Court were to permit plaintiff to pursue a new FCRA theory, the Amended Complaint fails to state a claim. The pleading does not specify the statutory subsection on which plaintiff relies, but the allegations against Navy Federal—as a furnisher of information—sound in 15 U.S.C. § 1681s-2(b). *See Am. Compl.* ¶¶ 4, 8–16.

To state a claim under § 1681s-2(b), a plaintiff must plausibly allege, among other things, that she disputed the accuracy of information with a consumer reporting agency ("CRA") and that the CRA provided notice of that dispute to the furnisher, thereby triggering the furnisher's duties under the statute. The Second Circuit has made clear that "the notice triggering these duties must come from a [consumer reporting agency], not the consumer." *Sprague v. Salisbury Bank & Tr. Co.*, 969 F.3d 95, 99 (2d Cir. 2020). Allegations that the consumer notified the furnisher directly are, standing alone, insufficient to state a claim. *Id.* at 100. *See also Nemorin v. U.S. Bank Nat'l Ass'n as Tr. for NRZ Pass-Through Tr. II*, No. 23-CV-5690, Report & Recommendation at 6–7 (E.D.N.Y.) (dismissing furnisher claim where the plaintiff failed to allege that a CRA notified the furnisher of the dispute); *Owoyemi v. Credit Corp Sols. Inc.*, 596 F. Supp. 3d 514, 519–20 (S.D.N.Y. 2022).

Here, plaintiff alleges that she "submitted disputes with supporting documentation" and that Navy Federal "received notice through credit reporting agencies." Am. Compl. ¶¶ 8–9. But she does not plead any facts showing that she lodged a dispute with a particular CRA (such as Experian, Equifax, or TransUnion), when or how she did so, or that any CRA in turn provided Navy Federal with the notice contemplated by 15 U.S.C. § 1681i(a)(2). Her bare assertion that



Navy Federal "received notice through credit reporting agencies" is precisely the sort of conclusory allegation that courts have held insufficient to trigger § 1681s-2(b). *See Sprague*, 969 F.3d at 99–100; *Nemorin*, R. & R. at 6–7; *Owoyemi*, 596 F. Supp. 3d at 519–20.

In addition, Navy Federal anticipates arguing that plaintiff's allegations do not plausibly show that the challenged credit reporting was "inaccurate" in the sense required by the FCRA, as opposed to merely reflecting a legal dispute over the validity or enforceability of the underlying loan obligation. *See, e.g., Nemorin*, R. & R. at 5–7 (distinguishing factual inaccuracy from disputes about legal enforceability).

### III. Plaintiff still has not joined the car dealership as a required party.

In its prior motion, Navy Federal also sought dismissal under Rule 12(b)(7) based on plaintiff's failure to join the automobile dealership and/or its principal, who allegedly received the disbursed loan proceeds and engaged in the underlying fraud. The Court did not reach that issue because it found that plaintiff had failed to state any claim. Order at 4.

The Amended Complaint does not change the underlying factual predicate: plaintiff still alleges that Navy Federal disbursed funds to a fraudulent dealership, that she never received the vehicle, and that the resulting credit reporting stems from that transaction. Am. Compl. ¶¶ 5–7, 10–11. Under Federal Rule of Civil Procedure 19(a), the dealership and its owner appear to be required parties because any adjudication of the alleged "inaccuracy" of Navy Federal's credit reporting will necessarily involve the validity of the underlying loan and the allocation of fault for the alleged fraud. Their absence risks impairing their interests and exposing Navy Federal to inconsistent obligations.

Navy Federal therefore intends to renew its argument that the action should be dismissed under Rule 12(b)(7) if plaintiff does not join the dealership and its principal and if joinder is not feasible.

**\*\*\***

For the foregoing reasons, Navy Federal respectfully requests that the Court schedule a pre-motion conference and grant leave for Navy Federal to file a motion to dismiss the Amended Complaint pursuant to Rules 12(b)(6) and 12(b)(7). If the Court determines that a conference is unnecessary, Navy Federal respectfully requests that the Court deem this letter a motion for leave to file and set a briefing schedule consistent with Rule III.C of Your Honor's Individual Rules.

Respectfully submitted,

By *s/ Harry Tiwari*
Harry Tiwari

cc:     Plaintiff via ECF

328065180